LILLIE WISSEL V. LENA PIERSON ET AL.

DEED EXECUTED IN PLACE OF WILL—GOOD DELIVERY.
 Where a grantor executes deeds with a testamentary purpose, and delivers them to his wife with the direction to keep them until he is done with them and then "deliver them to the girls," his action taken together with all the other circumstances of the case must be held to constitute a good delivery.

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

**C. L. Hopping** and **N. A. Hicks,** for plaintiff in error.

**F. M. Coppock** and **S. B. Hammel,** for defendant in error.

**JELKE, J.**

We are of the opinion that when Mr. David L. Cosbey gave the deeds in question to his wife, and said to her, "'Put them away in my possession until he was done with them and then deliver them to the girls,'" it became a good delivery. It is probable that the wife did not remember the exact words spoken by her husband at the time he gave her the deeds. She does not say that these were his exact words. In order, therefore, to arrive at the correct meaning to be given to these words, the court should look at the surrounding circumstances. The deeds were executed to take the place of a will, and were testamentary in their nature. Cosbey was undoubtedly informed by the justice of the peace that he could not retain possession of the deeds and have the title pass after his death and, therefore, when he gave them to his wife, to be by her kept in her possession and after his death delivered to his daughters, the evident purpose was to make a good delivery, and it was his purpose to lose dominion over the deeds, and put them in possession of his wife. And the subsequent conduct of both parties in regard to the deeds bears this out, for the wife always kept them in her own papers. The expression "until he was done with them" is not very definite, and not of controlling importance; standing alone it has no certain meaning, but taken in connection with the whole subject-matter, it probably means after his death.

Judgment affirmed.

**Swing** and **Giffen, JJ.,** concur.